UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

-------------------------------------------------------------------------X

WILLIAM GILES AND ANNA SMALLEY,

                                  CIVIL ACTION NO.

                 Plaintiffs,

       -against-

PEGASUS BUS CO., LLC AND OLGA TORRES,

                 Defendants.

-------------------------------------------------------------------------X

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

TO:    **THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

       **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. 1367, 1332, 1441 and 1446, Defendants

Pegasus Bus Co. and Olga Torres hereby remove this action from the Superior Court of New Jersey,

Camden County, Docket No. CAM-L-4045-20 (the "State Court Action"), to the United States District

Court of District Court of New Jersey.  As grounds for removal, Defendants submit the following:

1. On December 10, 2020, a civil action was commenced by the plaintiffs William Giles and

    Anna Smalley against Pegasus Bus Co., LLC and Olga Torres in the Superior Court of the

    State of New Jersey, County of Camden under Docket No.: CAM-4045-20 **(Exhibit A)** and is

    hereby incorporated by reference to this Notice of Removal

2. The Complaint and Summons were served on Defendant Olga Torres on December 16, 2020

    **(Exhibit B)** and Defendant Pegasus Bus Co., LLC on January 6, 2021 **(Exhibit C)** and are

    hereby incorporated by reference to this Notice of Removal.

3. Defendants served their Answer to the Complaint on March 2, 2021. (See Answer annexed

    hereto as **"Exhibit D"**).

4. This Notice of Removal is being filed pursuant to 28 U.S.C 1446(b)(3) "if a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … if a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable" and within a year from filing of the Complaint in accordance with 1446(c)(1) and (3)(A).

5. The United States District Court for the District of New Jersey has original jurisdiction over the State Court Action based upon diversity of citizenship under 28 U.S.C. 1332 (a)(1). Accordingly, removal to federal court pursuant to 28 U.S.C. 1441(b) as set forth herein is proper.

6. Diversity of citizenship exists where plaintiffs are a citizens of Pennsylvania and Defendants are citizens of New Jersey, as is the case here.  **(See Ex. A, Plaintiff's Complaint).**

7. Venue is appropriate in Camden, New Jersey as the alleged motor vehicle accident occurred while travelling on Crescent Boulevard, in the Township of Haddon, County of Camden. **(See Ex. A, Plaintiff's Complaint).**

8. Plaintiff's original Complaint never asserted an amount in controversy or allegations that their damages exceeded $75,000.000.  **(See Ex. A, Plaintiff's Complaint).**

9. However, Plaintiff's attorney served a Statement of Damages on March 8, 2020, indicating both Plaintiff's Damages exceed the $75,000.00 damages cap threshold. **(Ex. E, Statement of Damages).**

10. Since based on Plaintiffs' Statement of Damages the amount in controversy exceeds $75,000, indicating both Plaintiffs sustained damages over the damages cap, it is ascertainable that this action is removable, pursuant to 28 1446(b)(3), (c)(1) and (c)(3) and 28 U.S.C. 1332.

11. The United States District Court for the District of New Jersey has jurisdiction over this matter which allegedly occurred at Crescent Boulevard, in the Township of Haddon, County of Camden, New Jersey. Based on diversity of citizenship, the State Court Action is hereby removed to the United States District Court for the District of New Jersey as the district court having jurisdiction over the place where the alleged action occurred, pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441(b).

12. The Notice of Removal has been timely filed pursuant to 28 U.S.C. 1441. Simultaneous with the filing of this Notice of Removal, Defendant has given written notice thereof to the Clerk of Superior Court of Camden County and to Plaintiffs in the State Court Action.

13. This Notice of Removal has been signed pursuant to Fed. R. Civ. 11.

14. Should any question arise as to the proprietary of removal of this action, the Defendants respectfully requests the opportunity to brief any disputed issues and to request oral argument in support of its position.

WHEREFORE, the Defendants respectfully request that all persons take notice that the State Court Action, presently pending in the Superior Court of New Jersey, County of Camden, is hereby removed to the United States District Court for the District of New Jersey.

DATED:  March 15, 2021

MARSHALL DENNEHEY
Attorneys for Defendants

BY: /s/ Josie A. Scanlan
Josie A. Scanlan, Esq.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Executed on:  March 15, 2021

/s/ *Josie A. Scanlan*

Josie A. Scanlan, Esq.

# EXHIBIT A

SUMMONS

Attorney(s) Jeffrey B. Solomon

Office Address  1801 Market Street, Suite 606

Town, State, Zip Code  Philadelphia, PA  19103

Telephone Number  215-561-0877

Attorney(s) for Plaintiff  William Giles and Anna Smalley

William Giles

Anna Smalley

Plaintiff(s)

vs.

Pegasus Bus Co, LLC

Olga Torres

Defendant(s)

**Superior Court of New Jersey**

Camden  County

Law  Division

Docket No: CAM-L-004045-20

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle Smith*

Clerk of the Superior Court

DATED:  01/05/2021

Name of Defendant to Be Served:  Pegasus Bus Company, LLC

Address of Defendant to Be Served:  3477 Haddonfield Road, Pennsauken, NJ  08109

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

004045-20   12/10/2020 12:58:28 PM   Pg 1 of 6 Trans ID: LCV20202247869

DION, SOLOMON & SHAPIRO L.L.C.
By: MATTHEW L. SOLOMON, ESQUIRE
Identification No. 900882012
By:   JEFFREY SOLOMON, ESQUIRE
Identification No: 033361981
1801 Market Street
Suite 606, Ten Penn Center
Philadelphia, PA 19103                          Attorneys for Plaintiffs
(215) 561-0877
msolomon@dionsolomon.com
jsolomon@dionsolomon.com

| | |
|---|---|
| WILLIAM GILES<br>8422 Bayard Street<br>Philadelphia, PA 19150<br>and<br>ANNA SMALLEY<br>6632 Ardleigh Street<br>Philadelphia, PA 19119<br>Plaintiffs<br><br>v.<br><br>PEGASUS BUS CO, LLC<br>919 Church Road<br>Cherry Hill, NJ 08002<br>and<br>OLGA TORRES<br>39 Chapel Avenue<br>Merchantville, NJ 08109<br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

The Plaintiff, William Giles, residing at 8422 Bayard Street, County of Philadelphia, and

State of Pennsylvania and Plaintiff, Anna Smalley, residing at 6632 Ardleigh Street, County of

Philadelphia, and State of Pennsylvania, complaining of the Defendant(s) state as follows:

## FIRST COUNT

1. On or about May 20, 2019, Plaintiff, Williams Giles, was the operator of a motor vehicle travelling Crescent Boulevard, in the Township of Haddon, County of Camden, State of New Jersey.

2. Plaintiff, Anna Smalley, was a passenger in Plaintiff, Williams Giles, vehicle at the time of the hereinafter mentioned accident.

1. At the time and place aforesaid, Defendant, Pegasus Bus Co, LLC, whose address is believed to be 919 Church Road, Cherry Hill, New Jersey by and through its employee, servant, agent or workman, Defendant, Olga Torres, owned and/or operated a motor vehicle, which was so negligently, recklessly and/or carelessly operated so as to violently collide with Plaintiff William Giles' vehicle.

2. Defendant, Olga Torres, was at all times relevant hereto, acting within the scope of his/her employment or agency for the Defendant, Pegasus Bus Co, LLC

3. Defendant, Pegasus Bus Co, LLC, by and through its employee or agent, Defendant, Olga Torres, individually, was negligent, careless and/or reckless in the operation of the aforesaid vehicle in that same was operated upon the highway without care or concern for the rights and safety of the Plaintiffs, operating the vehicle in an unsafe manner under the circumstances, and further the operator was otherwise inattentive and careless all of which caused the collision with Plaintiffs.

4. As a result of the collision, Plaintiff, William Giles, was violently thrown about the inside of the vehicle and suffered severe painful bodily injuries, all or some of which are or may be permanent in nature and duration and which will, in the future cause him great pain and discomfort.

5.   As a result of the collision, Plaintiff, Anna Smalley, was violently thrown about the inside of the vehicle and suffered severe painful bodily injuries, all or some of which are or may be permanent in nature and duration and which will, in the future cause her great pain and discomfort.

6.   As a result of the collision, the Plaintiff, William Giles, suffered severe painful bodily injuries, all or some of which are or may be permanent in nature, which have caused significant limitations of use and/or function upon Plaintiff's body.

7.   As a result of the collision, the Plaintiff, Anna Smalley, suffered severe painful bodily injuries, all or some of which are or may be permanent in nature, which have caused significant limitations of use and/or function upon Plaintiff's body.

8.   As a result of said injuries Plaintiff, William Giles, was obliged to undergo medical care and treatment at great expense of time and money all of which further incapacitated him from pursuing his usual and customary activities and employment and which will, in the future incapacitate and/or significantly limit enjoyment of his usual and customary activities and employment.

9.   As a result of said injuries Plaintiff, Anna Smalley, was obliged to undergo medical care and treatment at great expense of time and money all of which further incapacitated her from pursuing her usual and customary activities and employment and which will, in the future incapacitate and/or significantly limit enjoyment of her usual and customary activities and employment.

8.  Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff, William Giles, are excluded from limitations upon his right and/or ability to seek recovery for non-economic losses, such injuries being permanent injuries within a reasonable degree of medical probability, other than scarring or disfigurement.

9.  Pursuant to N.J.S.A. 39:6A-1 et seq, and 39:6A-8, the injuries sustained by the Plaintiff, Anna Smalley, are excluded from limitations upon her right and/or ability to seek recovery for non-economic losses, such injuries being permanent injuries within a reasonable degree of medical probability, other than scarring or disfigurement.

**WHEREFORE,** Plaintiffs, William Giles and Anna Smalley, demands judgment against the Defendants, Pegasus Bus Co, LLC and Olga Torres, jointly and severally, for damages, interest, attorney's fees and costs of suit.

## SECOND COUNT

10. For sake of brevity, Plaintiffs, William Giles and Anna Smalley, incorporate by reference all other paragraphs of this Complaint as if set forth at length.

11. At the time and place aforesaid, Defendant, Pegasus Bus Co, LLC, was negligent in entrusting its vehicle to Defendant, Olga Torres, and/or failed to properly train or advise Defendant, Olga Torres, in the proper and safe operation of its vehicle.

12. At the time and place of the herein and before mentioned accident, Defendants, Pegasus Bus Co, LLC and Olga Torres, failed to adhere to the rules and regulations of the State of New Jersey as well as the rules and regulations of the Federal Motor Carrier Safety Administration and all U.S. Department of Transportation rules and regulations of the operation of the commercial vehicle.

04045-20   12/10/2020 12:58:28 PM  Pg 5 of 6 Trans ID: LCV20202247869

13.    As a result of the negligence of Defendant, Pegasus Bus Co, LLC, an accident occurred and the Plaintiffs suffered injuries.

**WHEREFORE,** Plaintiffs, William Giles and Anna Smalley, demands judgment against the Defendants, Pegasus Bus Co, LLC and Olga Torres, jointly and severally for damages, interest, attorney's fees and costs of suit.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury in this matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Please take notice that the Plaintiffs demand that Defendants provide certified answers to those Interrogatories designated as Form C and Form C(1) as contained in Appendix II of the Rules Governing the Courts of the State of New Jersey within sixty (60) days of service hereof.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that:

1.    To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding, nor is any such proceeding contemplated at this.

At this time and to the best of my knowledge and belief, there are no other parties who may be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Jeffrey B. Solomon, Esquire is hereby designated as trial counsel for this case.

## NOTICE PURSUANT TO RULE 1:7-1(b)

Please take notice that, pursuant to New Jersey Court Rule 1:7-1(b), the Plaintiffs may suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time unit basis without reference to a specific sum.

DION, SOLOMON, & SHAPIRO, LLC

04045-20   12/10/2020 12:58:28 PM  Pg 6 of 6 Trans ID: LCV20202247869

## DEMAND FOR INSURANCE INFORMATION

Please take notice that the undersigned attorney for the Plaintiffs hereby demands that all Defendants produce complete copies of any and all motor vehicle liability insurance policies that were in effect at the time of the accident on May 20,2019. This request includes, but is not limited to, the declaration sheet, the actual policy, and any and all endorsements to the policy. This demand can be complied with by sending certified complete copies of the applicable policies to the undersigned attorney for the Plaintiffs within 50 days of the service of the Complaint.

JEFFREY B. SOLOMON, ESQUIRE
Attorney for Plaintiffs

DATED: December 10, 2020

DION, SOLOMON, & SHAPIRO, LLC

# EXHIBIT B

WILLIAM GILES, ET AL

                                        Plaintiff

              vs

PEGASAS BUS CO, LLC, ET AL

                                       Defendant

**20201215145348**

Superior Court Of New Jersey

CAMDEN Venue

Docket Number: CAM L 4045 20

**Person to be served** (Name and Address):
OLGA TORRES
39 CHAPEL AVENUE
MERCHANTVILLE NJ 08109
By serving: OLGA TORRES

Attorney: JEFFREY B. SOLOMON, ESQ.

Papers Served: SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, DEMANDS, CERTIFICATION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Service Data:   [X] Served Successfully      [ ] Not Served

Date/Time:   <u>12/16/2020 12:29 PM</u>    ————————————

[ ] Delivered a copy to him/her personally

[X] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

<u>JON DOE</u>

<u>RELATIVE/ROOMMATE</u>

Description of Person Accepting Service:

SEX:<u>M</u>  AGE:<u>36-50</u>  HEIGHT:<u>5'4"-5'8"</u>   WEIGHT:<u>131-160 LBS.</u>   SKIN:<u>WHITE</u>   HAIR:<u>BLACK</u>   OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:      Date/Time: _____
                         Date/Time: _____
                         Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

__<u>18</u>__ day of ___<u>Dec</u>___ 20 <u>20</u>

Notary Signature: _____

ROSEMARY RAMOS
Name of Notary
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 25, 2023

I, <u>HANAN HAYON</u>,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____   <u>12/18</u>/20 <u>20</u>
Signature of Process Server           Date

ROSEMARY RAMOS
NOTARY PUBLIC
NEW JERSEY
My Commission Expires

Name of Private Server: <u>HANAN HAYON</u> Address: 2009 Morris Avenue UNION NJ 07083 Phone: (800) 672-1952

# EXHIBIT C

CAM-L-004045-20   01/25/2021 1:49:34 PM  Pg 2 of 2 Trans ID: LCV2021184254

20210105151401

WILLIAM GILES, ET AL

Plaintiff

vs

PEGASAS BUS CO, LLC, ET AL

Defendant

Superior Court Of New Jersey

CAMDEN Venue

Docket Number: CAM L 4045 20

**Person to be served (Name and Address):**
PEGASUS BUS CO., LLC
3477 HADDONFIELD ROAD
PENNSAUKEN NJ 08109
By serving: PEGASUS BUS CO., LLC

**Attorney:** JEFFREY B. SOLOMON, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, DEMANDS, CERTIFICATION

| Service Data: | [X] Served Successfully | [ ] Not Served |

Date/Time:   1/6/2021 1:35 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.___

Name of Person Served and relationship/title:

SCOTT KLENK

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M   AGE:51-65  HEIGHT:5'9"-6'0"   WEIGHT:161-200 LBS.   SKIN:WHITE   HAIR:GRAY   OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                           Date/Time: _____
                           Date/Time: _____

Other: _____

**Served Data:**
Subscribed and Sworn to me this

_____ day of _____, 20__

Notary Signature:_____

Name of Notary      Commission Expiration
My Commission Expires Dec. 18, 2023

I, HANAN HAYON,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____       01/07/20__
Signature of Process Server       Date

Name of Private Server: HANAN HAYON  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT D

21219.0366
**MARSHALL DENNEHEY**
By: Josie A. Scanlan Esq.
Attorney I.D. No. 021082009
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100   📠973-618-0685
✉ jascanlan@mdwcg.com
Attorneys for Defendants – Pegasus Bus Co., LLC and Olga Torres

| WILLIAM GILES and ANNA SMALLEY, | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff, | LAW DIVISION: CAMDEN COUNTY<br>DOCKET NO.:    CAM-L-4045-20 |
| v. | Civil Action |
| PEGASUS BUS CO., LLC and OLGA TORRES, | **ANSWER** |
| Defendants. | |

Defendants Pegasus Bus Co., LLC and Olga Torres by way of Answer to the Complaint filed herein, say:

## FIRST COUNT

1.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

1.      (Numbers restart in Plaintiffs' Complaint) These defendants deny the allegations contained in this paragraph.

2.      These defendants provide no answers to the allegations contained in this paragraph as the allegations contained therein call for legal conclusions.

3.      These defendants deny the allegations contained in this paragraph.

4.      These defendants deny the allegations contained in this paragraph.

5.      These defendants deny the allegations contained in this paragraph.

6.      These defendants deny the allegations contained in this paragraph.

7.      These defendants deny the allegations contained in this paragraph.

8.      These defendants deny the allegations contained in this paragraph.

9.      These defendants deny the allegations contained in this paragraph.

8.      (Numbering from Plaintiffs' Complaint). These defendants provide no answers to the allegations contained in this paragraph as the allegations contained therein call for legal conclusions.

9.      (Numbering from Plaintiffs' Complaint). These defendants provide no answers to the allegations contained in this paragraph as the allegations contained therein call for legal conclusions.

**WHEREFORE**, defendants demand judgment against the plaintiffs, dismissing the plaintiffs' Complaint with prejudice.

## SECOND COUNT

10.     These defendants repeat and reiterate their answers to the allegations contained in the First Count of the Complaint as if set forth at length herein.

11.     These defendants deny the allegations contained in this paragraph.

12.     These defendants deny the allegations contained in this paragraph.

13.     These defendants deny the allegations contained in this paragraph.

WHEREFORE, defendants demand judgment against the plaintiffs, dismissing the plaintiffs' Complaint with prejudice.

## SEPARATE DEFENSES

1.      The plaintiffs' claims are barred by the applicable statute of limitations.

2.      The plaintiffs' allegations fail to state a claim upon which relief can be granted.

3.      Any verdict against these defendants shall be reduced by the Collateral Source Rule.

4. The alleged accident was caused by the negligence of persons and/or entities over whom these defendants had no control.

5. The alleged accident resulted from circumstances and conditions beyond the control of the defendants.

6. The alleged occurrence was proximately caused solely by the actions and negligence of the co-defendants, thereby precluding recovery against these defendants.

7. The plaintiffs' claims are barred or limited by the plaintiffs' failure to prevent or mitigate the claimed damages.

8. These defendants were not guilty of negligence and violated no duty owing to the plaintiffs.

9. These defendants are not joint tortfeasors and are not liable for contribution or indemnification to any other party.

10. These defendants, while denying liability, assert that this action is governed by the provisions of N.J.S.A. 39:6A-1, et seq.

11. The plaintiffs' claims are barred or limited by the plaintiffs' own contributory and or comparative negligence.

12. The plaintiffs' claims are barred by the applicable verbal threshold.

13. The defendants were not the proximate cause of the plaintiffs' alleged injuries.

14. The accident alleged by the plaintiffs was caused by the plaintiffs' sole negligence.

15. The defendants deny each and every allegation of negligence and wrong doing made against them.

16. Plaintiffs lack jurisdiction over the subject matter, under 4:6-2(a).

17. The Courts of New Jersey lack personal jurisdiction over these defendants and, therefore, these defendants reserve the right to move for a dismissal of the action against plaintiffs.

18. Plaintiffs' claims should be dismissed because of insufficiency of process and insufficiency of service of process.

19. The doctrines of res judicata and collateral estoppel are applicable to plaintiffs' claims. Plaintiffs' claims are subject to contract arbitration.

20. Medical liens against these defendants are inadmissible and not an element of damages claimed.

21. Plaintiffs' claimed damages are so remote from the alleged tortuous act that they should be barred.

22. Plaintiffs' Complaint is barred by the Entire Controversy Doctrine, Rule 4:30A.

23. Plaintiffs' damages are so speculative that they are inadmissible and the claim upon which they are based cannot be submitted to a jury.

25. Actions by the plaintiffs or their agent/representative/insurance carrier for subrogation against these defendants are barred.

26. Plaintiffs' claims against these defendants are barred by one or more superseding causes.

27. The alleged damages sustained by the plaintiffs are the proximate result of the acts and/or omissions of parties over whom these defendants exercised no control.

28. The alleged accident resulted from circumstances and conditions beyond the control of the defendants.

29. The alleged occurrence was proximately caused solely by the actions and negligence of the co-defendant(s), thereby precluding recovery against these defendants.

30.     The plaintiffs' claims are barred by plaintiffs' failure to prevent or mitigate the claimed damages.

31.     Plaintiffs' claims require expert testimony.

32.     Plaintiffs' description of the subject incident in the Complaint, interrogatory answers, deposition and other discovery was made knowing it was an untruth, and constitutes fraud.

## CROSSCLAIM FOR CONTRIBUTION

These defendants demand contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A. 2A:53-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to plaintiffs, these defendants state that if they are found to be so liable, their liability is secondary and imputed and derivative from that of co-defendants, and defendants hereby demand complete indemnification from co-defendants, including costs and counsel fees.

## ANSWER TO CROSS CLAIMS

These defendants deny the allegations of any and all cross claims filed or which may be filed against it.

## JURY DEMAND

The defendants Pegasus Bus Co., LLC and Olga Torres demand a trial by jury on all issues.

## DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that pursuant to R.4:5-2 the defendants, Pegasus Bus Co., LLC and Olga Torres, demand that the plaintiffs furnish a statement of damages claimed within the time prescribed by the Rules of Court.

## DEMAND FOR INTERROGATORIES

Pursuant to R. 4:17-1, et seq., demand is hereby made that plaintiffs herein provide these defendants with fully certified Answers to Form A Interrogatories within the time prescribed by the Rules of Court.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Josie A. Scanlan, Esq. is hereby designated as trial counsel on behalf of defendants Pegasus Bus Co., LLC and Olga Torres, pursuant to the Rules made and provided.

## REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any co-defendant settles prior to trial, these defendants will seek an allocation of the percentage of negligence by the fact finder against the settling defendant(s). We will seek this allocation, whether or not we have formally filed a cross claim against the settling defendant(s). We will rely upon the examination and cross-examination of the plaintiff's expert witnesses and any and all other witnesses at the time of trial, in support of this allocation. You are being apprised of this pursuant to Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that I am not aware of the matter in controversy being the subject of any other action pending in any court or arbitration forum. I certify that no such action or arbitration proceeding is presently contemplated.

## CERTIFICATION

It is hereby certified that a copy of the within Answer was served within the time prescribed by Rule 4:6, as extended by the Court and consent of counsel.

MARSHALL DENNEHEY
*Attorney for Defendants Pegasus Bus Co., LLC*
*and Olga Torres*

By: /s/ Josie A. Scanlan

        Josie A. Scanlan

DATED: March 2, 2021

# EXHIBIT E

**DION, SOLOMON & SHAPIRO L.L.C.**
By: MATTHEW L. SOLOMON, ESQUIRE
Identification No. 313588
By:   JEFFREY SOLOMON, ESQUIRE
Identification No: 34937
1801 Market Street
Suite 606, Ten Penn Center
Philadelphia, PA 19103                                    Attorneys for Plaintiffs
(215) 561-0877
msolomon@dionsolomon.com
jsolomon@dionsolomon.com

| | | |
|---|---|---|
| WILLIAM GILES, ET AL. | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiffs | : | LAW DIVISION |
| | : | CAMDEN COUNTY |
| v. | : | |
| | : | No.: CAM-L-004045-20 |
| PEGASUS BUS CO, LLC, ET AL. | : | |
| Defendants | : | **PLAINTIFFS' RESPONSE TO** |
| | : | **REQUEST FOR DAMAGES** |
| | : | |

TO:   Josie A. Scanlan, Esquire
      Marshall Dennehey
      425 Eagle Rock Avenue, Suite 302
      Roseland, NJ 07068

   **PLEASE TAKE NOTICE** that Plaintiffs, William Giles and Anna Smalley, hereby

responds to the Request for Damages of Defendants, Pegasus Bus Co., LLC and Olga Torres, in

accordance with the Rules of Court, as follows: Plaintiff, William Giles $300,000.00 and Plaintiff,

Anna Smalley $275,000.00.

                                    **DION, SOLOMON & SHAPIRO, LLC**


                        BY:   _____
                              JEFFREY B. SOLOMON, ESQUIRE
                              Attorney for Plaintiff

DATED: March 8, 2021